HANG & ASSOCIATES, PLLC
Lian Zhu (LZ 1979)
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel.: 718-353-8588
Fax: 718-353-6288
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JULIO CARCHI and ANDRES "ALEX" GOMEZ on behalf of themselves and others similarly situated,

        Plaintiffs,

        v.

JCN CHUNG INTERNATIONAL, CORP. d/b/a OSAKA JAPANESE RESTAURANT, and HYUNSOO CHUNG

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, JULIO CARCHI and ANDRES "ALEX" GOMEZ (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this class and collective action Complaint against Defendants, JCN CHUNG INTERNATIONAL, CORP. d/b/a OSAKA JAPANESE RESTAURANT, and HYUNSOO CHUNG (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, JULIO CARCHI, is a resident of Queens County.

7. Plaintiff, ANDRES "ALEX" GOMEZ, is a resident of New York County.

8. Upon information and belief, Defendant, JCN CHUNG INTERNATIONAL, CORP. d/b/a OSAKA JAPANESE RESTAURANT is a corporation organized under the laws of the State of New York, with a principal place of business and address for service of process both located at 11 Wall Street, Huntington, NY 11743.

9. Upon information and belief, Defendant, HYUNSOO CHUNG, is the Chairman or Chief Executive Officer of Defendant, JCN CHUNG INTERNATIONAL, CORP. d/b/a OSAKA JAPANESE RESTAURANT. HYUNSOO CHUNG exercised control over the terms and conditions of Plaintiffs' employment and those of similarly situated

employees. With respect to Plaintiffs and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

10. At all relevant times, Defendant JCN CHUNG INTERNATIONAL, CORP. d/b/a OSAKA JAPANESE RESTAURANT was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned spread of hours premium in direct contravention of the New York Labor Law.

14. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. On or about May 18, 2005, Plaintiff, JULIO CARCHI, was hired by Defendants to work as a food preparer, dishwasher, and cook for Defendants' "Osaka Japanese Restaurant", a food/beverage establishment located at 11 Wall Street, Huntington, NY 11743.

16. Plaintiff JULIO CARCHI worked for Defendants until on or about January 20, 2018.

17. During the employment of Plaintiff, JULIO CARCHI, by Defendants, he worked over forty (40) hours per week. During JULIO CARCHI'S employment by Defendants, he often worked over ten (10) hours per day.

18. Specifically, from on or about May 18, 2005 until on or around December 31, 2016, Plaintiff JULIO CARCHI worked six days a week with Sundays off. During this period, his daily schedule ran from around 9:00am to around 9:30pm. Plaintiff JULIO CARCHI did not have any uninterrupted break during each of his work day, as such, during this period, Plaintiff JULIO CARCHI worked approximately 75 hours per week.

19. Starting from January 1, 2017 to January 20, 2018, Plaintiff JULIO CARCHI worked five days a week with Sundays and Tuesdays off. During this period, his daily schedule ran from around 9:00am to around 9:30pm. Plaintiff JULIO CARCHI remained with this schedule throughout his tenure with Defendants. Plaintiff JULIO CARCHI did not have any uninterrupted break during each of his work day, as such, during this period, Plaintiff JULIO CARCHI worked approximately 62.5 hours per week.

20. Plaintiff JULIO CARCHI at the start of his employment by Defendants received a fixed weekly salary of $650. His weekly salary gradually increased throughout his employment by Defendants, culminating in a weekly salary of $800. Throughout his employment with Defendants he was not paid at the overtime rate of time and one-half for any hours worked past 40 in a workweek.

21. On or about August 4, 2007, Plaintiff, ANDRES "ALEX" GOMEZ, was hired by Defendants to work as a food preparer, dishwasher, and cook for Defendants' "Osaka Japanese Restaurant", a food/beverage establishment located at 11 Wall Street, Huntington, NY 11743.

4

22. Plaintiff ANDRES "ALEX" GOMEZ worked for Defendants until on or about January 20, 2018.

23. During the employment of Plaintiff, ANDRES "ALEX" GOMEZ, by Defendants, he worked over forty (40) hours per week. During ANDRES "ALEX" GOMEZ'S employment by Defendants, he often worked over ten (10) hours per day.

24. Specifically, from on or about August 4, 2007 until on or around December 31, 2016, Plaintiff ANDRES "ALEX" GOMEZ worked six days a week with Sundays off. During this period, his daily schedule ran from around 9:00am to around 9:30pm. Plaintiff ANDRES "ALEX" GOMEZ did not have any uninterrupted break during each of his work day, as such, during this period, Plaintiff ANDRES "ALEX" GOMEZ worked approximately 75 hours per week.

25. Starting from January 1, 2017 to January 20, 2018, Plaintiff ANDRES "ALEX" GOMEZ worked five days a week with Sundays and Wednesdays off. During this period, his daily schedule ran from around 9:00am to around 9:30pm. Plaintiff ANDRES "ALEX" GOMEZ remained with this schedule throughout his tenure with Defendants. Plaintiff ANDRES "ALEX" GOMEZ did not have any uninterrupted break during each of his work day, as such, during this period, Plaintiff JULIO CARCHI worked approximately 62.5 hours per week.

26. Plaintiff ANDRES "ALEX" GOMEZ at the start of his employment by Defendants received a fixed weekly salary of $450. His weekly salary gradually increased throughout his employment by Defendants, culminating in a weekly salary of $750. Throughout his employment with Defendants he was not paid at the overtime rate of time and one-half for any hours worked past 40 in a workweek.

5

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

28. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

29. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similarly situated employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

30. Plaintiffs retained Hang & Associates, PLLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

6

33. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendant, JCN CHUNG INTERNATIONAL, CORP. d/b/a OSAKA JAPANESE RESTAURANT had gross annual revenues in excess of $500,000.

35. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

36. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

38. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently of ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

41. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

42. Plaintiffs reallege and reaver Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

45. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday exceeding ten (10) or more hours.

46. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similarly situated employees, in violation of the New York Labor Law.

47. Defendants willfully violated Plaintiffs' rights by failing to provide them proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

48. As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred and/or continue to occur.

49. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are not non-exempt employees who cannot be paid on a salary basis.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

   a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law ;

g.  An award of statutory penalties including statutory penalties under the Wage Theft Prevention Act, and prejudgment and post judgment interest;

h.  An award of statutory penalties, and prejudgment and post judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 24, 2018

                                    Respectfully submitted,

                                    HANG & ASSOCIATES, PLLC
                                    Lian Zhu (LZ 1979)
                                    136-20 38th Avenue, Suite 10G
                                    Flushing, NY 11354
                                    Tel.: 718-353-8588
                                    Fax: 718-353-6288
                                    *Attorney for Plaintiff*

By: _____
        LIAN ZHU (LZ 1979)